IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case. No. |
| Plaintiff, | **COMPLAINT** |
| v. | **JURY TRIAL DEMAND** |
| TRANSPORTATION MANAGEMENT GROUP, D/B/A WILSON LOGISTICS, INC. | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Jerrell McCrary ("Mr. McCrary") who was adversely affected by such practices. As pled with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission") alleges that Transportation Management Group, d/b/a Wilson Logistics, Inc. ("Defendant") failed to hire Mr. McCrary because of his disability in violation of the ADA, 42 U.S.C. § 12101, et seq. Plaintiff further alleges that the Defendant maintains qualification standards or other selection criteria that screen out Deaf job applicants as a class, in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of North Carolina.

## PARTIES

4. The Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e5(f)(1).

5. At all relevant times, Defendant has been a Missouri headquartered company continuously doing business in the State of North Carolina and in the County of Guilford and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and (7) of the ADA, 42 U.S.C. §§ 12111(5) and (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

7. At all relevant times, Defendant has been a covered entity under Section

101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

8. More than thirty (30) days prior to the institution of this lawsuit, Mr. McCrary filed a charge with the Commission alleging violations of the ADA by Defendant.

9. Defendant responded to Mr. McCrary's charge and participated in all aspects of the Commission's administrative investigation.

10. By letter dated February 22, 2024, the Commission notified Defendant that the Commission has reasonable cause to believe that Defendant violated the ADA. The Commission invited Defendant to participate in informal methods of conciliation in an attempt to eliminate the unlawful employment practices and secure appropriate relief.

11. The Parties engaged in conciliation but were not able to reach an agreement acceptable to the Commission.

12. By letter dated May 1, 2024, the Commission notified Defendant that conciliation efforts had failed.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Mr. McCrary is a qualified individual with a disability under 42 U.S.C. §§ 12102 and 12111(8).

16. Mr. McCrary is Deaf, which substantially limits him in the major life activity of hearing.

17. Since 2021 and continuing through the present, Mr. McCrary has held a medical waiver issued by the Federal Motor Carrier Safety Administration, ("FMCSA"), that waives federal regulations that would otherwise make him unqualified for a truck driving position due to being hard of hearing.

18. At all relevant times, Mr. McCrary met the minimum job qualifications for a commercial truck driving position with Defendant, including possession of a valid Commercial Driver's License, ("CDL"), and prior commercial truck driving experience.

19. On or about January 12, 2023, Mr. McCrary telephoned Defendant's toll-free job recruiting line using a video relay service for Deaf persons.

20. The relay interpreter verbally informed Defendant's representative that she was a sign language interpreter calling for someone that uses sign language.

21. Defendant's representative responded that Defendant "cannot accept that over here."

22. Upon information and belief, Defendant's representative meant that Defendant could not accept an applicant or employee who used sign language, i.e. a Deaf person.

23. Defendant's representative also stated, "I cannot bring somebody in who does not read, write, and speak English. It's a DOT requirement."

24. Mr. McCrary informed Defendant that he already had a CDL and already had experience with driving.

25. Defendant's representative stated, "I cannot bring in somebody who does sign language into our company. It's one of our requirements."

4

26. Upon information and belief, at the time of Mr. McCrary's call, the Defendant had openings for truck driver position(s).

27. Upon information and belief, Defendant made job offers and/or hired at least one or more truck drivers in a short time period after the call.

28. During the relevant time period, job applications for drivers on the Defendant's website asked the question "Do you read, write, and speak English?" The applications did not have a way for a person to state that they use sign language or to identify as someone who holds a Department of Transportation Waiver.

## COUNT I:
*Violation of the ADA*
*Failure to Hire*

29. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 28 above.

30. On January 12, 2023, Defendant engaged in unlawful employment practices via its recruiting hotline in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), by limiting, segregating, and classifying Mr. McCrary in a way that adversely affected his employment opportunities because of his disability—activity that is defined as discriminatory by 42 U.S.C. § 12112(b)(1).

31. Mr. McCrary is a qualified individual with a disability under Section 101(8) of the ADA, 42 U.S.C. § 12102 and 12111(8).

32. At the relevant time, Mr. McCrary was qualified to perform the essential functions of the job he sought with or without a reasonable accommodation.

33. At the relevant time, the Defendant maintained an open position for the job

Mr. McCrary sought.

34. Mr. McCrary was denied the ability to apply for the open truck driver position under circumstances that give rise to an inference of unlawful discrimination.

35. At the relevant time, there existed no legitimate, nondiscriminatory reason to deny Mr. McCrary the opportunity to seek employment with the Defendant.

36. Defendant's unjustified classification of Mr. McCrary because of his disability during his attempt to apply for an open position constitutes a failure to hire that violates the ADA.

37. The practice complained of above has deprived Mr. McCrary of equal employment opportunities and has otherwise adversely affected his potential status as an employee because of his disability.

38. The practices complained of above created significant emotional distress for Mr. McCrary, causing severe depression, sleeplessness, loss of self-worth, humiliation, and difficulty in personal relationships.

## COUNT II:
*Violation of the ADA*
*Limiting Applicants and/or Imposing Qualification Standards That Adversely Affect a Class of Individuals, Because of Disability*

39. The Commission realleges and incorporates by reference the allegations set forth in paragraphs 1 through 38 above.

40. At the relevant time period and to the present-day, Defendant engages in unlawful employment practices via its job application in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), by limiting, segregating, or classifying applicants in

a way that adversely affects employment opportunities because of a disability—activity that is defined as discriminatory by 42 U.S.C. § 12112(b)(1).

41. At the relevant time period and to the present-day, Defendant engages in unlawful employment practices via its job application process in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112(a), by using qualification standards, employment tests, or other selection criteria that screen out or tend to screen out individuals with disabilities—activity that is defined as discriminatory by 42 U.S.C. § 12112(b)(6).

42. The required question on Defendant's job application portal that asks, "Do you read, write, and speak English?" facially discriminates against Deaf applicants.

43. As applied, the required question on Defendant's job application "Do you read, write, and speak English?" screens out from hiring any Deaf applicants who communicate in American Sign Language.

44. Defendant's classification of applicants on the basis of a disability constitutes an unlawful policy that violates the ADA.

45. Defendant's selection criteria screens out or tends to screen out individuals with a disability or a class of individuals with disabilities in a way that constitutes a violation of the ADA.

46. The practice complained of above continues to deprive disabled applicants' equal employment opportunities and otherwise continues to adversely affect applicant's potential status as employees because of their disability.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination based on disability, including limiting, segregating or classifying a job applicant and affecting their potential status and opportunities because of the disability of the applicant.

B. Order Defendant to institute, carry out, and post notice of policies, practices, and programs which provide equal employment opportunities for disabled persons or persons with a record of a disability, including providing reasonable accommodations, which eradicate the effects of past and present unlawful employment practices.

C. Order Defendant to amend its current web, phone, and print job applications to ensure equal employment opportunities for disabled persons and to prevent discrimination in the application process.

D. Order Defendant to institute required training program(s) that shall include (but need not be limited to) a detailed discussion of anti-discrimination laws under the ADA, Respondent's reasonable accommodation procedures, the responsibility to provide reasonable accommodations, engagement in the interactive process, and what action they shall take if they become aware of an employee who requires a reasonable accommodation. The training shall also include an explanation of the FMCSA – Department of Transportation exemption to driver qualification rules and regulations and the process to notify applicants of the exemption when applicable, and the policies and procedures to undertake when it receives notice of an exemption.

E. Order Defendant to make Jerrell McCrary whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, a conditional offer of employment for Jerrell McCrary within the company with a paid training period, if one is necessary.

F. Order Defendant to make Jerrell McCrary whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including, but not limited to, emotional suffering, inconvenience, humiliation, loss of enjoyment of life, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

G. Grant such further relief as necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted this 31st day of July, 2024.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KARLA GILBRIDE
General Counsel

CHRISTOPHER LAGE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

MELINDA C. DUGAS

Regional Attorney

YLDA M. KOPKA
Assistant Regional Attorney / Supervisory Trial Attorney

**/s/*Taittiona Miles*_____**

Taittiona Miles
Trial Attorney
NC Bar No. 50879
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Telephone: (980) 296-1301
Facsimile: (704) 954-6412
Email: taittiona.miles@eeoc.gov

EMILY J.C. MALONEY
NC Bar No. 52820
Trial Attorney
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: (980) 296-1252
Email: emily.maloney@eeoc.gov

**ATTORNEYS FOR PLAINTIFF**