# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 1:24CV640 |
| TRANSPORTATION MANAGEMENT GROUP d/b/a WILSON'S LOGISTICS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendant's Motion to Extend the Discovery and Dispositive Motion Deadlines and to Establish a Deadline for the Identification of Aggrieved Individuals (Docket Entry 18). (See Docket Entry dated Sept. 9, 2025.) For the reasons that follow, the Court will grant in part and will deny in part the instant Motion.

## INTRODUCTION

Plaintiff commenced this case by filing a Complaint against Defendant "to correct unlawful employment practices on the basis of disability, and to provide appropriate relief to Jerrell McCrary . . . who was adversely affected by such practices." (Docket Entry 1 at 1; see also id. ("alleg[ing] that [Defendant] failed to hire Mr. McCrary because of his disability" and that "Defendant maintains qualification standards or other selective criteria that screen out Deaf job applicants as a class, in violation of [federal law]").) The Court later "adopt[ed the parties'] Certification and

Report of Conference and Discovery Plan, with [minor] clarifications" (Text Order dated Nov. 6, 2024 (referring to Docket Entry 9)), which established "[t]he date for the completion of all discovery (general and expert) [a]s September 5, 2025" (Docket Entry 9 at 2 (colon omitted)).[1] Through that adoption, that Text Order also mandated that "[t]he information required by Fed[eral] R[ule of] Civ[il] P[rocedure] 26(a)(1) will be exchanged by November 10, 2024" (id.) and that "[s]upplementations will be provided [as required] in [Federal] Rule [of Civil Procedure] 26(e) or as otherwise ordered by the [C]ourt" (id.).

The first of those two rule provisions obligated the parties, inter alia, to "provide to the other parties," Fed. R. Civ. P. 26(a)(1)(A):

> (i) the name . . . of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment; [and]
>
> . . .

---

1 By operation of Local Rule, absent any other order by the Court, "[a]ll dispositive motions and supporting briefs must be filed and served within 30 days following the close of the discovery period," M.D.N.C. LR 56.1(b), which (here) would fall on Sunday, October 5, 2025, making the next business day, i.e., Monday, October 6, 2025, the dispositive motions deadline, see Fed. R. Civ. P. 6(a)(1). In reliance on that time-line of events, the Clerk (via Notice dated April 16, 2025) set this case for trial during the "term [that] begin[s] on March 2, 2026" (Docket Entry 16 at 1 (bold font omitted)), with final pretrial filings due from January 30, 2026, through February 13, 2026 (see id.).

2

> (iii) a computation of each category of damages claimed
> by the disclosing party . . . .

Id. The second of those two rule provisions, in turn, dictates, in pertinent part, that:

> A party who has made a disclosure under [Federal] Rule
> [of Civil Procedure] 26(a) . . . <u>must supplement</u> or
> correct its disclosure . . . <u>in a timely manner</u> if the
> party learns that in some material respect the disclosure
> . . . is incomplete or incorrect, and if the additional
> or corrective information has not otherwise been made
> known to the other parties during the discovery process
> or in writing[.]

Fed. R. Civ. P. 26(e)(1) (emphasis added).

On November 15, 2024, Plaintiff "served a copy of [its] Initial Disclosures, by email addressed to . . . counsel for Defendant[.]" (Docket Entry 18-1 at 7 (all-caps and enlarged font, bold, italics, and underscoring omitted).) As "individual[s] likely to have discoverable information . . . that [Plaintiff] may use to support its claims" (<u>id.</u> at 1 (bold font omitted)), Plaintiff identified only Mr. McCrary and five individuals affiliated with Defendant (<u>see</u> <u>id.</u> at 1-2), while "reserv[ing] the right to supplement th[at] disclosure pursuant to the Federal Rules of Civil Procedure . . . and the Scheduling Order" (<u>id.</u> at 3; <u>see also</u> <u>id.</u> at 5 ("Plaintiff specifically reserves the right to identify additional witnesses . . . in accordance with Fed[eral] R[ule of] Civ[il] P[rocedure] 26(e)." (bold font omitted))). Plaintiff's Initial Disclosures also state that Plaintiff "cannot provide a complete computation of damages until further discovery

3

is conducted" (id. at 4), that Plaintiff "reserves the right to supplement th[e damages] disclosure in accordance with [Federal] Rule [of Civil Procedure] 26(e)" (id.), and that Plaintiff seeks two categories of damages, i.e., "[b]ackpay with prejudgment interest for Mr. McCrary" (id.), as well as "[p]ast and future non-pecuniary losses for Mr. McCrary" (id.).

Nearly ten months later, on the day before discovery closed, Plaintiff "served a copy of [its] . . . First Supplemental Initial Disclosures, by email addressed to . . . counsel for Defendant[.]" (Docket Entry 18-2 at 9 (all-caps and enlarged font, bold, italics, and underscoring omitted).) Plaintiff's First Supplemental Initial Disclosures list eight new "Witness[es]/Aggrieved Individual[s]" (id. at 2-4; see also id. at 8 ("specifically reserv[ing] the right to identify additional witnesses" (bold font omitted))), all of whom "[m]ay have knowledge regarding [their] experience contacting Defendant about a truck driver position, [their] experience with Defendant's recruitment and/or application process, and the response from Defendant" (id. at 2-4) and "[their] own knowledge, experience, and qualifications as a licensed truck driver and [their] possession of a medical exemption from the [Federal Motor Carrier Safety Administration]" (id.). In addition, Plaintiff included within its First Supplemental Initial Disclosures two new categories of damages: (1) "[b]ackpay with prejudment interest for Class Members/Aggrieved Individuals" (id. at 7; see also id.

4

("[Plaintiff] calculates damages based on the length of time between the aggrieved individuals contacting Defendant and their obtaining another job."); and (2) "[p]ast and future non-pecuniary losses for Class Members" (id.; see also id. (stating that Plaintiff "[w]ill supplement to provide amount prior to trial")).

The next day, Defendant filed the instant Motion, requesting "a 90-day extension of time to complete discovery and file dispositive motions, through and including December 4, 2025, and January 5, 2026, respectively, and . . . establish[ment of] a deadline by which Plaintiff . . . must identify all aggrieved individuals . . . for whom it seeks relief." (Docket Entry 18 at 1.) To justify those requests, Defendant began by detailing difficulties it had encountered in endeavoring to depose Mr. McCrary within the discovery period, (A) starting with "delays associated with using ASL [American Sign Language] interpreters, among others, [that resulted in] Defendant only receiv[ing] approximately four hours of testimony on the record [on the first day set for Mr. McCrary's deposition]" (id. at 2), (B) extending to challenges arranging a second date for continuation of that deposition around "the schedules of [Plaintiff's] attorneys, [Mr. McCrary], Defendant's representative, Defendant's counsel, the two ASL interpreters, a videographer, and court reporter" (id. at 2-3), and (C) culminating, on "the morning of August 28, 2025, [when Plaintiff] unilaterally cancelled [the scheduled resumption that

5

day of Mr. McCrary's] deposition due to the illness of one of [its] counsel" (id. at 3). Per the instant Motion, "[b]ased on . . . the availability of the ASL interpreters, the earliest date the parties can reschedule [Mr. McCrary's] continued deposition is September 29, 2025." (Id.)

Additionally, the instant Motion notes that Plaintiff's "untimely disclosure of the [eight[2] new witnesses] less than 48 hours before the close of discovery has deprived Defendant of the opportunity to depose and serve written discovery regarding the[m ]." (Id. at 4.) More specifically:

> Even if Defendant propounded discovery regarding the [eight new witnesses] on September 8, 2025, the earliest it would receive [Plaintiff's] discovery responses, without an extension, is October 8, 2025. Defendant would then need to coordinate and schedule [eight] depositions, each, upon information and belief, requiring the use of ASL interpreters.

(Id. at 5.) Although "Defendant [has] mov[ed] for additional time to conduct discovery on the newly identified [witnesses] because of the expiring discovery deadline, [Defendant also has argued that Plaintiff's] class[-relief-related] claim should be stricken or dismissed with prejudice as untimely." (Id. at 4 n.3.) In that regard, Defendant has contended that it "is entitled to determine the nature and extent of the claims [Plaintiff] intends to pursue"

---

2 Both the instant Motion and Plaintiff's response thereto count the number of newly identified witnesses in Plaintiff's First Supplemental Initial Disclosures as "nine" (Docket Entry 18 at 3; Docket Entry 21 at 2), but that document identifies only eight new witnesses (see Docket Entry 18-2 at 2-4).

6

(id.), which "requires [Plaintiff] to timely disclose the names of the individuals for whom [Plaintiff] seeks relief" (id.).

In response, Plaintiff has stated that it "does not object to an extension of case deadlines, [but] views ninety (90) calendar days as unnecessary" (Docket Entry 21 at 1) and thus "requests that the Court limit any extension to forty-five (45) days" (id. at 6). To bolster that position, Plaintiff's response first comments that, notwithstanding the above-quoted language of its First Supplemental Initial Disclosures served on September 4, 2025, in which Plaintiff asserted entitlement to two categories of class-based damages, Plaintiff "advised Defendant . . . [on] September 5th . . . that [Plaintiff wa]s not pursuing any damages on behalf of a class, including the nine (9) [sic] individuals identified in [its First S]upplemental [Initial D]isclosures." (Id. at 1-2.) And – regarding the belated disclosure of those individuals as witnesses – Plaintiff's response states that, although "[t]he individuals whom [Plaintiff] disclosed are persons [Plaintiff] may use to support its claim" (id. at 2), Plaintiff "advised Defendant on September 5th that [Plaintiff] will revise its [First S]upplemental [Initial D]isclosures by September 12, 2025 to narrow the list of class-related witnesses to a maximum of just three individuals" (id.; see also id. at 5 ("On September 4, 2025 [Plaintiff] served [its First S]upplemental [I]nitial [D]isclosures . . . identify[ing] nine (9) [sic] individuals who contacted Defendant to

7

apply for truck driving positions and whose experience may have been similar to Mr. McCrary's. . . . [Plaintiff] will amend its disclosures to narrow the witness list to just three individuals whom it may call as witnesses in support of its case.")). In Plaintiff's view, "[c]onsequently, there is no need to conduct extensive discovery as the number of additional fact witnesses would be limited to three." (Id. at 2; see also id. at 5 ("Forty-five (45) days is more than enough time to allow for the completion of any remaining discovery.").)[3]

Significantly, Plaintiff's response opposes the relief sought in the instant Motion on the ground that an extension of the discovery and dispositive motions deadlines of greater than 45 days would leave insufficient time for resolution of dispositive motions ahead of the established trial date:

> Under Defendant's proposal for a 90-day extension, dispositive motions would not be filed until January 5, 2026. Responses and replies would not be filed until February 5, 2026 and February 19, 2026, respectively – just 11 days before the trial calendar begins on March 2, 2026. Whereas, a shorter extension of 45 days would ensure that dispositive motions, including responses and replies, are fully briefed and before the Court by

---

3 "With regard to the deposition of [Mr.] McCrary, [Plaintiff's response acknowledges that it] previously agreed to [continuation of the deposition for] an additional business day" (Docket Entry 21 at 2), that "the second day was scheduled but had to be cancelled due to an unforeseeable illness" (id.), and "[t]he earliest date the parties can reschedule Mr. McCrary for continued deposition is September 29, 2025" (id. at 5). However, according to Plaintiff, "to the extent that Mr. McCrary's deposition may be continued, that still would not require the 90-day extension of all deadlines that Defendant has requested." (Id.)

8

January 2, 2026 while still allowing sufficient time for the parties to wrap up discovery.

(Id. at 3 (internal citations omitted); see also id. at 2 ("[A]n extension of the discovery period of ninety days . . . will unnecessarily impact the dispositive motions deadlines . . . .").)

## DISCUSSION

"The basic purpose of [Federal] Rule [of Civil Procedure] 26(a) 'is to allow the parties to adequately prepare their cases for trial and to avoid unfair surprise.'" Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., 698 F. Supp. 3d 814, 821 (M.D.N.C. 2023) (quoting Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 396 (4th Cir. 2014)). In particular:

> The aim of [Federal] Rule [of Civil Procedure] 26(a)(1) . . . is to identify at the outset those persons that may have any information relevant to the case in order to allow for a complete investigation by all parties, thus allowing parties to depose, interview, or subpoena documents of such individuals during the period of time set aside for discovery.

Quesenberry v. Volvo Grp. N. Am., Inc., 267 F.R.D. 475, 480 (W.D. Va. 2010) (emphasis added). Furthermore, "[Federal] Rule [of Civil Procedure] 26(e) requires a party to supplement initial disclosures 'in a timely manner.'" Reed v. Washington Area Metro. Transit Auth., No. 1:14CV65, 2014 WL 2967920, at *2 (E.D. Va. July 1, 2014) (unpublished) (emphasis in original) (quoting Fed. R. Civ. P. 26(e)(1)(A)).

"Making a supplemental disclosure of [eight] known fact witnesses [less than] two days before the close of discovery, as is

9

the case here, is not timely by any definition." Id.; see also
Nance v. Kentucky Nat'l Ins. Co., Civ. Action No. 2:02-266, 2005 WL
8159348, at *5 (S.D. W. Va. July 28, 2005) (unpublished) (ruling
that, where "witnesses were first identified 22 days before the
close of discovery," they "were not timely identified" and that
their "late disclosure [wa]s in direct contravention of the purpose
of [Federal] Rule [of Civil Procedure] 26 to facilitate efficient
discovery"). For example, Plaintiff obviously knew that
"disclosure one day prior to the discovery deadline would not allow
for adequate time for deposition of these new witnesses within the
discovery period." Roanoke River Basin Ass'n v. Duke Energy
Progress, LLC, No. 1:17CV452, 2018 WL 11449628, at *3 (M.D.N.C.
June 5, 2018) (unpublished) (Webster, M.J.); see also Gomez v.
Haystax Tech., Inc., No. 1:16CV1433, 2017 WL 11506331, at *7 (E.D.
Va. Oct. 17, 2017) (unpublished) (recognizing that, because
"disclosure of the witnesses occurred at the close of discovery,
[the] plaintiff failed to disclose the witnesses in time for any of
them to be deposed"), aff'd, 761 F. App'x 220 (4th Cir. 2019).[4]

_____

4 "Making matters worse, there is no question that [Plaintiff]
was aware of these witnesses and their significance to this case
well before [the very eve of the discovery deadline]." Reed, 2014
WL 2967920, at *4. Indeed, Plaintiff has admitted that it knew
about these witnesses no later than "the final week_s_ of the
discovery period." (Docket Entry 21 at 2 (emphasis added).)
Accordingly, as Defendant has argued in reply, Plaintiff (at a
minimum) "had several weeks within which it could have provided at
least some of the[se witnesses'] names to Defendant." (Docket
Entry 22 at 5.) Further, "[Plaintiff] was not entitled to delay
(continued...)

10

"If a party fails to . . . identify a witness as required by [Federal] Rule [of Civil Procedure] 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."   Fed. R. Civ. P. 37(c)(1).   "The exclusion of evidence under [Federal] Rule [of Civil Procedure] 37(c)(1) for failure to make a disclosure required by [Federal] Rule [of Civil Procedure] 26(a) [or (e)] is 'self-executing' and 'automatic.'"   Caraustar Indus., Inc. v. North Ga. Converting, Inc., No. 3:04CV187, 2006 WL 3751453, at *8 (W.D.N.C. Dec. 19, 2006) (unpublished) (quoting Fed. R. Civ. P. 37 advisory committee notes, 1993 Amendment, Subdivision (c)), appeal dismissed, 219 F. App'x 997 (4th Cir. 2007); accord, e.g., Doe v. Coastal Carolina Univ., No. 4:18CV268, 2021 WL 1654747, at *5 (D.S.C. Mar. 5, 2021) (unpublished); Goodwin v. Cockrell, No. 4:13CV199, 2015 WL 575861, at *5 (E.D.N.C. Feb. 11, 2015) (unpublished); Nance, 2005 WL 8159348, at *9.   In other words, "Rule 37(c)(1) . . . requires witness . . . exclusion for an untimely disclosure, unless the violation is substantially justified or harmless." Nelson-Salabes, Inc. v. Morningside Dev., LLC, 284 F.3d 505, 512 n.10 (4th Cir.

_____

4(...continued)
disclosure . . . even if . . . [it] wanted to contact the witnesses before [it] placed them on a witness list.   Litigants need not fully investigate potential witnesses . . . in order to include those witnesses on their [Federal] Rule [of Civil Procedure] 26 initial disclosures."   Gomez, 761 F. App'x at 234 (internal citation and quotation marks omitted).

2002) (emphasis added); see also Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 n.2 (4th Cir. 2003) ("The Rule 37(c) advisory committee notes emphasize that the 'automatic sanction' of exclusion 'provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence.'" (quoting Fed. R. Civ. P. 37 advisory committee notes, 1993 Amendment, Subdivision (c))).

Plaintiff, as "[t]he party failing to disclose [witnesses,] bears the burden of establishing that the nondisclosure was substantially justified or was harmless." Bresler v. Wilmington Tr. Co., 855 F.3d 178, 190 (4th Cir. 2017). The United States Court of Appeals for the Fourth Circuit has explained that:

> in exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a [Federal] Rule [of Civil Procedure] 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

Southern States, 318 F.3d at 597; see also Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) ("The burden of establishing these factors lies with the nondisclosing party . . . .").[5]

---

5 "The first four factors listed above relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." Bresler, 855 F.3d at 190.

12

Beginning with the last (and only substantial justification-related) factor, i.e., Plaintiff's "explanation for its failure to disclose," Southern States, 318 F.3d at 597, Plaintiff "has failed to provide any legitimate justification for delaying its identification of these witnesses until the close of discovery," Reed, 2014 WL 2967920, at *4. (See Docket Entry 21 at 2 (offering, as explanation for untimely disclosure, only conclusory statement that, "[d]espite [Plaintiff's] diligent efforts, it simply was not able to identify any other individuals who were similarly aggrieved by Defendant's hiring policy, i.e., 'class members,' until the final weeks of the discovery period").)[6] Turning to the first of

---

6 For reasons detailed in Footnote 4, Plaintiff's above-quoted explanation does not excuse its withholding of the eight new witnesses' names during the weeks before the discovery deadline. And Plaintiff's undeveloped assertion that it made "diligent efforts" (Docket Entry 21 at 2) to identify those witnesses during the prior months of discovery constitutes a mere "conclusory claim[] lack[ing] any supporting facts or details and thus do[es] not discharge [Plaintiff's] burden of substantially justifying their delayed disclosure," Canava v. Rail Delivery Serv. Inc., No. 5:19CV401, 2021 WL 5445977, at *6 (C.D. Cal. Aug. 27, 2021) (unpublished) (internal brackets and quotation marks omitted); see also Bresler, 855 F.3d at 214 (Wynn, J., concurring in part and dissenting in part) (indicating that "conclusory assertion" as to Southern States factors will not suffice); Arnold v. County of Westchester, No. 16CV9552, 2018 WL 11273645, at *2 (S.D.N.Y. Dec. 6, 2018) (unpublished) (holding that, for purposes of Federal Rule of Civil Procedure 37(c)(1), "[the p]laintiff's conclusory excuse fails to carry the burden of demonstrating substantial justification"); Wagoner v. Lewis Gale Med. Ctr., LLC, No. 7:15CV570, 2016 WL 7183162, at *3 (W.D. Va. Dec. 8, 2016) (unpublished) (noting that "party who failed to make the disclosure has the burden of showing harmlessness or justification" and ruling that "conclusory argument . . . [wa]s insufficient to meet the burden"). In fact, given that "the names of the[se witnesses] were
(continued...)

13

the harmlessness-related factors bearing on exclusion under Federal Rule of Civil Procedure 37(c)(1), "surprise to [Defendant]," Southern States, 318 F.3d at 597, "[t]here is no indication that [D]efendant had even a hint of the identity of these [eight] witnesses prior to their [belated] disclosure," Nance, 2005 WL 8159348, at *5. "Needless to say, allowing parties to withhold disclosure of witnesses until immediately before the close of discovery to obtain an advantage by surprising the opposing party must not be allowed." Gomez, 2017 WL 11506331, at *7.

The next two Southern States factors also weigh in favor of a finding that Plaintiff's untimely witness "disclos[ure] was not harmless because [(A) D]efendant[] cannot cure the surprise because discovery has closed," id.; see also Southern States, 318 F.3d at 597 (listing, as second factor for exclusion analysis under Federal Rule of Civil Procedure 37(c)(1), "ability of th[e surprised] party to cure the surprise"), and (B) reopening discovery to allow Defendant to investigate these belatedly disclosed witnesses (or even only the narrowed subset of three upon whom Plaintiff now evidently wants to rely) "would disrupt the trial," Southern States, 318 F.3d at 597. On that last point, to attempt to cure the surprise arising from Plaintiff's late disclosure, the Court

_____

6(...continued)
all disclosed the day after the parties' [failed] mediation" (Docket Entry 22 at 5), "[i]t is difficult to imagine that any cause other than gamesmanship prevented the earlier disclosure of the[se eight] witnesses," Nance, 2005 WL 8159348, at *6.

would have to allow Defendant to serve Plaintiff with a request for documents regarding these witnesses, which – even if served promptly upon issuance of this Order – likely would lead to a delay of at least 30 days, see Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served . . . ."), followed by some time for Defendant to review Plaintiff's production, before taking ASL-assisted depositions of (at least) three witnesses, each of which may well take multiple business days to complete and may well pose "scheduling issues (similar to those [the parties] have faced for [Mr. McCrary's deposition])" (Docket Entry 18 at 4). Allowing only a week for that document review and only two weeks for those depositions would push discovery out to mid-November 2025.

Even if Defendant could obtain those deposition transcripts immediately and the Court required the filing of Defendant's summary judgment motion within three weeks of the completion of the reopened discovery period (rather than the standard 30 days under Local Rule 56.1(b)), e.g., by December 8, 2025, briefing would not conclude until January 21, 2026, see M.D.N.C. LR 56.1(e) (allowing 30 days and 14 days for summary judgment response and reply, respectively), i.e., nine days before the first of the final pretrial filing deadlines and 40 days before the trial date (see Docket Entry 16 at 1). The Court (per now-Chief/Senior United

States District Judge Catherine C. Eagles) has well-explained the impropriety of such extensions:

> The Local Rules are designed to give the parties time to brief and the Court time . . . to decide any summary judgment motions before the disclosure requirements of [Federal] Rule [of Civil Procedure] 26(a)(3) and [Local Rule] 40.1(c) come into play. . . . [The proposed extension] means the summary judgment briefing would not be complete until . . . only two months before pretrial disclosures are due. . . . [T]his time frame places undue time pressures on the Court and makes it likely that the parties w[ould have to] begin serious trial preparation before it is known that a trial will happen or whether the issues will be narrowed by summary judgment rulings. As often happens when the discovery period is extended, one or both parties may seek a continuance to avoid that result. If the trial has to be continued, the delay harms all parties. If the case is not continued, the parties will prepare for trial without the benefit of a summary judgment decision.

Qayumi v. Duke Univ., No. 1:16CV1038, 2017 WL 6626193, at *3 (M.D.N.C. Dec. 28, 2017) (unpublished); see also Bartell v. Grifols Shared Servs. NA, Inc., No. 1:21CV953, 2023 WL 4868135, at *10 (M.D.N.C. July 31, 2023) (unpublished) (Osteen, J.) (holding that "[r]equiring the parties to reopen discovery at [late] stage would prejudice [the d]efendants").

As to the last remaining Southern States factor, "the importance of the evidence," Southern States, 318 F.3d at 597, the Court assumes that these witnesses would offer testimony important to Plaintiff's claim for class-based, injunctive relief (such that the loss of such testimony would prejudice Plaintiff), but the Court nonetheless will treat this factor as neutral, because any such "importance cuts in both directions here, as admission of

16

important undisclosed evidence prejudices [Defendant] as well," Intercollegiate Women's Lacrosse, 698 F. Supp. 3d at 820.

On balance, Plaintiff's "failure [to timely disclose these eight witnesses wa]s obviously not harmless. [Defendant's] ability to order its discovery and select its witnesses for deposition [wa]s prejudiced by [Plaintiff's] failure to make sufficient [witness] disclosures." Reed, 2014 WL 2967920, at *4. "The [C]ourt has a duty to ensure that litigants honor the purpose and the spirit of [Federal] Rule [of Civil Procedure] 26. Plaintiff has not honored that purpose and has failed to make proper disclosures initially and by [timely] supplementation . . . ." Nance, 2005 WL 8159348, at *6. "Accordingly, the Court finds that testimony from these [late-disclosed] individuals should be excluded [from use by Plaintiff] under [Federal] Rule [of Civil Procedure] 37(c)(1)." Reed, 2014 WL 2967920, at *4.[7]

That determination renders moot much of Defendant's rationale for extension of the discovery and dispositive motions deadlines. (See, e.g., Docket Entry 22 at 3 ("So long as [Plaintiff] continues

_____

7 Having deemed Plaintiff's disclosure of eight new witnesses just before the discovery deadline untimely, the Court declines Defendant's request to set a date beyond the discovery deadline for Plaintiff to disclose any more new witnesses (see Docket Entry 18 at 6 (requesting such relief)). If Plaintiff discloses any more new witnesses on which it intends to rely, it must show that "the failure [to disclose them sooner] was substantially justified or is harmless," Fed. R. Civ. P. 37(c)(1). That requirement adequately safeguards "the spirit of Fed[eral] R[ule of] Civ[il] P[rocedure] 26(a) and [] the interests of fairness" (Docket Entry 18 at 5).

17

to . . . seek injunctive relief [by] rely[ing] in any way on the testimony or information provided by the nine (9) [sic] newly identified class members, Defendant is entitled to conduct full discovery on the individuals who serve as the basis for the requested injunctive relief . . . .")) However, the Court still must make allowance for the inability of the parties to complete Mr. McCrary's deposition (through no fault of Defendant). Based on the parties' previously discussed proffer that, due to scheduling conflicts (including with the ASL interpreters), that deposition could not resume until September 29, 2025, the Court finds "good cause," Fed. R. Civ. P. 16(b)(4), to authorize its completion outside the discovery period and to extend Defendant's deadline to move for summary judgment for two weeks beyond the deposition's resumption date, with modest reductions in the time allotted for response and reply to preserve the same end-point for summary judgment briefing as would have resulted originally.

Lastly, Defendant has raised the prospect that Plaintiff's sudden, about-face decision "to remove [some witness] names from its First Supplemental Initial Disclosures when just days before it was reluctant to do so" (Docket Entry 22 at 3) may indicate that those witnesses "have exculpatory evidence or information not favorable to [Plaintiff's] claims" (id.), such that "Defendant should be allowed to fully conduct discovery on these individuals" (id.). To account for that circumstance, the Court will permit

18

Defendant to serve Plaintiff with an interrogatory soliciting any information obtained from the belatedly disclosed witnesses unfavorable to Plaintiff's claim(s), as well as a request for production of any documents concerning the belatedly disclosed witnesses that contain information unfavorable to Plaintiff's claim(s), with a reduced response period, <u>see</u> Fed. R. Civ. P. 33(b)(2) (providing that "shorter . . . time may . . . be ordered by the court" for interrogatory responses in place of default 30-day period); Fed. R. Civ. P. 34(b)(2)(A) (providing that "shorter . . . time may . . . be ordered by the court" for document request responses in place of default 30-day period).[8]

## CONCLUSION

Because Plaintiff "fail[ed] to . . . identify [the eight] witness[es at issue] as required by [Federal] Rule [of Civil Procedure] 26(a) or (e), [Plaintiff] is not allowed to use th[ose eight] . . . witness[es] to supply evidence on a motion, at a hearing, or at trial, [as the record does not show that Plaintiff's] failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As a result, the Court need not extend the discovery deadline and the dispositive motions deadline to

---

8 If Defendant believes it can show – based on the responses by Plaintiff to that interrogatory and that document request – that a deposition of any belatedly disclosed witness likely would materially advance any defense(s) by Defendant to any claim(s) by Plaintiff, Defendant may move for leave to conduct such deposition(s), as well as for a further extension of its dispositive motions deadline <u>and a continuance of the trial</u>.

allow Defendant to investigate any offensive use(s) Plaintiff might make of those witnesses; however, the Court will allow Defendant to obtain targeted discovery as to any defensive use(s) it might make of those witnesses. Finally, the Court will permit Defendant to complete the deposition of Mr. McCrary after the close of discovery, will extend Defendant's deadline to move for summary judgment for two weeks beyond the scheduled resumption of Mr. McCrary's deposition, and will modestly modify the summary judgment briefing schedule to keep this case on its current trajectory.

**IT IS THEREFORE ORDERED** that the instant Motion (Docket Entry 18) is **GRANTED IN PART AND DENIED IN PART,** in that (A) Defendant may complete Mr. McCrary's deposition notwithstanding the passage of the discovery deadline, (B) Defendant may serve Plaintiff, on or before September 30, 2025, with one interrogatory soliciting any information obtained from the belatedly disclosed witnesses unfavorable to Plaintiff's claim(s), as well as one request for production of any documents concerning the belatedly disclosed witnesses that contain information unfavorable to Plaintiff's claim(s), (C) Plaintiff shall serve its answer to such interrogatory, as well as its response to such document request (including any responsive documents), by October 7, 2025, (D) Defendant may file any summary judgment motion by October 14, 2025, (E) Plaintiff shall file any response to any such summary

20

judgment motion by November 7, 2025, and (F) Defendant shall file
any reply to any such response by November 19, 2025.

___/s/ L. Patrick Auld___
**L. Patrick Auld**
**United States Magistrate Judge**

September 26, 2025