IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRANSPORTATION MANAGEMENT GROUP, D/B/A WILSON LOGISTICS, INC.,<br><br>Defendant. | 1:24-CV-640 |

## CONSENT DECREE

This Consent Decree embodies the final terms of resolution for the above-styled civil action, as agreed to by the Equal Employment Opportunity Commission ("Commission") and Transportation Management Group, d/b/a Wilson Logistics, Inc. ("Defendant") (collectively, the "Parties"), and as entered by this Court.

### I.  BACKGROUND

1. The Equal Employment Opportunity Commission instituted this action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), to correct alleged violations of the ADA and secure appropriate relief for Jerrell McCrary ("Mr. McCrary").

2. The Complaint alleges Defendant violated the ADA by failing to hire Mr. McCrary because of his disability and by maintaining qualifications standards or other

selection criteria that screen out individual applicants with hearing-related disabilities as a class. Defendant denies the allegations, including that it discriminated against Mr. McCrary or other applicants in violation of the ADA.

3. In the interest of resolving this matter, and to avoid the costs of further litigation, the Parties have engaged in settlement negotiations and have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree") and that this Decree is final and binding on the Parties, their successors, and assigns. This Decree shall in no way constitute an adjudication or finding on the merits of this case, nor be construed as an admission of wrongdoing by the Defendant.

## II. FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the Parties, the Court finds the following:

    a. This Court has jurisdiction over the Parties and the subject matter of this action;

    b. The terms of this Decree are adequate, reasonable, equitable, and just;

    c. The rights of the Parties and the public interest are adequately protected by this Decree;

    d. The purpose and provisions of the ADA will be promoted and effectuated by the entry of this Decree; and

    e. This Decree, by the terms contained herein, constitutes a fair and equitable settlement between the Parties and fully and effectively resolves all

2

Case 1:24-cv-00640-CCE-LPA    Document 49    Filed 02/09/26    Page 2 of 16

matters in controversy relating to the above-styled civil action and the underlying administrative charge.

### III. TERMS

WHEREFORE, it is ORDERED, ADJUDGED and DECREED as follows:

5. This Decree shall remain in full force and effect for a period of two (2) years from the date of entry by this Court.

6. This Court shall retain jurisdiction of this Decree until the expiration of the 2-year term. If any disputes raised pursuant to Paragraph 43 below remain unresolved at the time the Decree expires the Court will retain jurisdiction to enforce this Decree until all such disputes have been resolved.

7. No party shall contest the jurisdiction of this Court to enforce this Decree and the terms hereunder, nor shall any party contest the right of the Commission to bring an enforcement action seeking compliance upon an alleged breach of any term of this Decree.

8. This Decree fully and finally resolves the claims asserted by the Commission in this civil action, styled above as *Equal Employment Opportunity Commission v. Transportation Management Group d/b/a Wilson Logistics, Inc., 1:24-cv-00640*, and the claims asserted by Mr. McCrary in the underlying administrative charge, *EEOC Charge No. 560-2023-00939*.

9. This Decree does not resolve any other charge of discrimination filed with the Commission, whether previously filed, currently pending, or which may be filed with the Commission in the future. The Commission reserves all rights to proceed with the

investigation and/or litigation of any other charges or claims, including, but not limited to, the investigation and litigation of any pending or future charges or claims against Defendant and all affiliated entities.

10. The terms of this Decree are and shall be binding upon the Parties and upon the present and future representatives, agents, directors, officers, successors, and assigns of Defendant.

11. If any provision of this Decree shall be deemed unenforceable, the remaining provisions shall survive and remain in full force and effect.

12. Where the term "Defendant" is used in this Decree, it encompasses Defendant, its officers, agents, servants, employees, successors, and assigns, and all those in active concert or participation with any of them.

## IV. INJUNCTIVE RELIEF

13. Defendant is enjoined from subjecting any individual to discrimination because of a disability in all phases of employment, including recruitment, hiring, job assignments, promotion, training, and other terms and conditions of employment.

14. Defendant is enjoined from discriminating against individuals with hearing related disabilities by failing to fully consider individuals who meet the basic requirements of the truck driving position and who hold an exemption from federal hearing requirements under 49 C.F.R. § 391.41(b)(11) of the Federal Motor Carrier Safety Regulations when Defendant is on notice that the individual may hold such an exemption.

15. Defendant shall prevent discrimination by ensuring that Defendant's application materials which require applicants to confirm they speak English also ask

whether the applicant holds a federal hearing exemption issued by the U.S. Department of Transportation's Federal Motor Carrier Safety Administration ("FMCSA") and shall request such on application materials managed by third-party vendors.

16. Defendant shall prevent discrimination against individuals with hearing related disabilities by identifying a point person to be notified of and oversee the processing of all calls from individuals with hearing related disabilities who inquire about employment, or who otherwise express a desire to apply for a position with the company.

## V. MONETARY RELIEF

17. Within thirty (30) days of the entry of this Decree, Defendant shall pay to Mr. McCrary the total sum of fifty thousand dollars ($50,000.00) in full and final settlement of this action, *Equal Employment Opportunity Commission v. Transportation Management Group d/b/a Wilson Logistics, Inc., Civil Action No. 1:24-cv-00640*, and the claims asserted by Mr. McCrary in the underlying administrative charge, *EEOC Charge No. 560-2023-00939*, to be paid as follows:

   a. The first check shall be considered compensation for backpay, made payable to "Jerrell McCrary" in the amount of twenty-two thousand five hundred dollars ($22,500.00), less all applicable payroll/tax withholdings, for which Defendant will issue an IRS Form W-2 to Mr. McCrary; and

   b. The second check shall be considered compensation for emotional distress damages, made payable to "Jerrell McCrary" in the amount of twenty-seven thousand five hundred dollars ($27,500.00), for which Defendant shall issue an IRS Form 1099-MISC to Mr. McCrary.

18. Defendant shall send both checks and their corresponding documents via tracked commercial delivery service to Mr. McCrary at a mailing address provided by the Commission. Concurrently, copies of the checks shall be submitted to the Commission by electronic mail at EEOC-CTDO-decree-monitoring@eeoc.gov.

19. Neither the Commission nor Defendant makes any representation, or assumes responsibility for any tax liability, assessments, interest, penalties, and/or costs that Mr. McCrary may or may not incur on such payments under local, state, and/or federal law.

20. If the Commission is required to issue a Form 1098-F in connection with payments made under this Decree, the EIN and the name and address of Defendant's representative to whom the copy of the Form 1098-F should be directed are as follows:

Defendant's EIN: 43-1912568

Name of Individual: Transportation Management Group c/o Ryan Farrell

Physical Address: 545 E. Evergreen St., Strafford, MO 65721

21. The Commission has made no representations regarding whether the amount paid pursuant to this Decree qualifies for the deduction under the Internal Revenue Code. The provision of the Form 1098-F by the Commission does not mean that the requirements to claim a deduction under the Internal Revenue Code have been met. Any decision about a deduction pursuant to the Internal Revenue Code will be made solely by the IRS with no input from the Commission. The Parties are not acting in reliance on any representations made by the Commission regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the Internal Revenue Code.

## VI. NON-MONETARY RELIEF

### A. Application Revisions

22. Within forty-five (45) days of the entry of this Decree by the Court, Defendant shall revise all application materials to comply with the injunctive relief set forth in Section IV of this Decree by requesting that its third-party vendors:

    a. Remove the question asking whether an applicant can read, write, or speak English from any employment applications and replace it with the following: "Do you read and speak English OR hold an exemption from federal hearing requirements?"

    b. Add the statement "Applicants for driving positions who hold a federal hearing exemption are eligible to apply for employment. To apply for a federal hearing exemption, visit the FMCSA website at: https://www.fmcsa.dot.gov/medical/driver-medical-requirements/new-hearing-applicant-doc-email-version." In electronic materials, the website shall operate as a hyperlink to the FMCSA exemption application information page.

    c. During the term of this Decree, Defendant shall review this information annually and update the web address as needed.

23. Within forty-five (45) days of entry of this Decree, Defendant shall update its company website to clearly state: "Wilson Logistics, Inc. is an Equal Opportunity Employer, which welcomes and values all candidates. Wilson Logistics does not discriminate against candidates or employees because of their disability, sex, race, religion, national origin, age, or any other protected status under the law. Any applicant or employee

may request a reasonable accommodation for reasonable consideration by Defendant or submit a copy of their exemption from the FMCSA to Wilson Logistics by emailing recruiting@wilsonlogistics.com." Defendant shall also request the same changes be made by its third-party vendors on websites where it recruits or advertises for job vacancies.

24. Within forty-five (45) days of entry of this Decree, Defendant shall update its "Driver Qualifications Guidelines" and all other materials used to screen applicants during the hiring process to state, in legible font equal in size and style to other information, as follows: "Wilson Logistics is an Equal Opportunity Employer, which welcomes and values all candidates. Wilson Logistics does not discriminate against candidates or employees because of their disability, sex, race, religion, national origin, age, or any other protected status under the law. Wilson Logistics will consider all applications from deaf and hearing-impaired applicants who hold valid exemption from the FMCSA."

25. Within fifty (50) days of the entry of this Decree, Defendant will provide the Commission with copies of all new or revised applications and guidelines described in Paragraphs 22, 23, and 24, and links to all updated electronic and web-based materials for review by the Commission.

**B.   Policy and Procedure Revisions**

26. Within forty-five (45) days of entry of this Decree, Defendant shall develop and distribute a Disability Accommodations Policy to its employees, which will include the following:

    a.   A clearly defined process for applicants and/or employees to request reasonable accommodations in compliance with the requirements of the ADA.

8

  b. A clearly defined process for the consideration and implementation of reasonable accommodations in compliance with the requirements of the ADA.

  c. Specific direction to managers regarding how to engage in the interactive process.

  d. A statement that any manager who fails to follow the reasonable accommodation policy, or who fails to engage in the interactive process in good faith, will be subject to disciplinary action.

27. Within forty-five (45) days of entry of this Decree, Defendant shall implement a clearly defined policy for applicants and drivers to notify Defendant of any FMCSA exemption held by the applicant or driver.

28. Within forty-five (45) days of entry of this Decree, Defendant shall post notice to all employees of Defendant's reasonable accommodations process and its policy for drivers to notify Defendant of FMCSA exemptions. This notice shall be posted in a conspicuous place upon the premises of all locations where notices to employees are customarily posted.

29. Within fifty (50) days of the entry of this Decree, Defendant will notify the Commission that it has complied with the requirements of this section.

**C. Training**

30. During the term of this Decree, Defendant shall provide an annual training program of at least one (1) hour to all non-management/non-supervisory in-office personnel. The training shall include (but need not be limited to) a discussion of anti-discrimination under the ADA, Defendant's reasonable accommodation procedures, and

Defendant's responsibility to provide reasonable accommodations and engage in the interactive process.

31. During the term of this Decree, Defendant shall provide annual training to all management/supervisory in-office personnel in its recruitment and human resources department. The training shall include (but need not be limited to) a discussion of discrimination under the ADA, Defendant's reasonable accommodation procedures, the responsibility to provide reasonable accommodations, engagement in the interactive process, and the necessary actions to take upon becoming aware of an employee, applicant, or person interested in applying for a job who may require a reasonable accommodation. The training shall also include an explanation of the FMCSA hearing exemption, the eligibility of applicants who possess an exemption, and the policies and procedures Defendant must follow when it receives notice of an exemption and/or waiver.

32. Defendant agrees to provide the initial training sessions detailed above in Paragraphs 30 and 31 within sixty (60) days from the date of the entry of this Decree. Defendant will continue to provide such training at approximately twelve (12) month intervals throughout the duration of this Decree.

33. The first training shall be conducted with a live presenter to provide participants with an opportunity for question and discussion but may be delivered either in person or remotely and may be offered in multiple sessions. Subsequent training required by Paragraphs 30 and 31 may be delivered in person, remotely, or through online training modules as appropriate and may be offered in multiple sessions.

34. Within ten (10) days of each training session, Defendant will notify the Commission that the training has been completed and provide the Commission with the date of the training, a copy of the training agenda, and a list of attendees and their titles.

**D.     Notice**

35. Within forty-five (45) days of the entry of this Decree, and continuing throughout the term of this Decree, Defendant shall post the attached Employee Notice, marked as Exhibit A and hereby made a part of this Decree, in a conspicuous place upon the premises of all locations where notices to employees are customarily posted. The physically posted Notice shall be laminated and on paper that is no smaller than 8.5 inches x 11 inches. If the Employee Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Employee Notice.

36. Within fifty (50) days of the entry of this Decree, Defendant will certify to the Commission that the Employee Notice has been posted and provided to its employees as set forth in Paragraph 35.

**E.     Compliance Reporting**

37. During the term of this Decree, Defendant shall provide the Commission with four reports. The first of these reports will be due one hundred twenty (120) days after the entry of this Decree. The second report will be due one hundred eighty (180) days after the first report. The second report will be due one hundred eighty (180) days after the second report. The final report is due one hundred twenty (120) days before the conclusion of the term of this Decree. The reports will include the following information:

a. The identity of any individual who at any time during the reporting period contacted Defendant about employment as a commercial truck driver and identified themselves as Deaf or otherwise used an interpreter or assistive speaking device to communicate with Defendant, including all contact information received by Defendant from said individual (*e.g.,* name, last known address, phone number, and email address).

b. For each individual identified above who was not offered employment, the report should state why the individual was not offered employment and state the name of the final decision maker who did not proceed with the individual's application or make an offer of employment.

c. In the event there is no activity to report, Defendant shall send the Commission a report stating that there has been no reportable activity.

d. In each report made pursuant to this Paragraph, Defendant shall include a certification that the Notice identified as Exhibit A to this Decree remains posted as required.

38. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect any of Defendant's facilities, interview employees, and examine and copy documents after providing Defendant with five (5) business days' notice to Defendant's President, Ryan Farrell.

## VII. REMEDIES

39. All amounts payable under this Decree are debts owed to the United States of America and the United States is entitled to collect such debt if payment is not made in accordance with this Decree.

40. Should Defendant fail to pay any amount due under this Decree within the time frame established by this Decree, Defendant will be liable for interest on any unpaid amount, accruing from the first date of default.

## IX. MISCELLANEOUS PROVISIONS

41. All notices to Defendant by the Commission pursuant to this Decree shall be sent by electronic mail to: rfarrell@WilsonLogistics.com. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by electronic mail to: EEOC-CTDO-decree-monitoring@eeoc.gov.

42. During the term of this Decree, Defendant shall notify all such successors-in-interest of the existence and terms of this Decree.

43. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give written notice of the alleged violation to Defendant's identified point of contact noted in Paragraph 41. Defendant shall have fifteen (15) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days, or such additional period as may be agreed upon by them writing, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

44. Each party shall bear its own costs and attorney's fees incurred in connection with this action.

It is so **ORDERED** on this 9th day of February, 2026.

_____
CHIEF/SENIOR UNITED STATES DISTRICT JUDGE

[SIGNATURE PAGE TO FOLLOW]

Considered and agreed to by:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | TRANSPORTATION MANAGEMENT GROUP d/b/a WILSON LOGISTICS, INC. |
|---|---|

*/s/ Melinda C. Dugas*
Melinda C. Dugas, Regional Attorney
EEOC Charlotte District

*/s/ Ryan Farrell*
Ryan Farrell
Wilson Logistcis President

Jointly submitted by:

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | JACKSON LEWIS P.C. |
|---|---|

Catherine L. Eschbach
Acting General Counsel

Christopher Lage
Deputy General Counsel

Gwendolyn Reams
Associate General Counsel

Melinda C. Dugas
Regional Attorney

s/Ylda M. Kopka
_____
Ylda Kopka
Assistant Regional Attorney
IL Bar No. 6286627
Nicholas R. Wolfmeyer
Trial Attorney
Fl. Bar No. 127218
EEOC, Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, N.C. 28202
Telephone: (980) 296-1282
ylda.kopka@eeoc.gov
nicholas.wolfmeyer@eeoc.gov

s/ Florence Thompson
_____
Kathleen K. Lucchesi
NC State Bar No. 24386
Florence Thompson
NC State Bar No. 55195
200 South College Street, Suite 1550
Charlotte, North Carolina 28202
Tel: (980) 465 7237
Fax: (704) 333-7764
Kathleen.Lucchesi@jacksonlewis.com
Florence.Thompson@jacksonlewis.com

# EXHIBIT A

# <u>EMPLOYEE NOTICE</u>



1. This Employee Notice is posted pursuant to a consent decree entered in *Equal Employment Opportunity Commission v. Transportation Management Group d/b/a Wilson Logistics, Inc*., 1:24-cv-00640.

2. Federal law prohibits employers from failing to hire any applicant because they have a disability or because the applicant requested reasonable accommodation because of a disability.

3. Wilson Logistics will comply with all such federal laws. Wilson Logistics will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or provided testimony, assistance or participation in any investigation, proceeding or hearing conducted internally or by the U.S. Equal Employment Opportunity Commission.

4. Employees who would like to make an internal complaint regarding discrimination or retaliation can make the complaint to any supervisor or manager or human resources personnel.

5. Employees have the right to report allegations of employment discrimination in the workplace **directly to the Equal Employment Opportunity Commission**. An employee may contact their local Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

**Equal Employment Opportunity Commission**
131 M. Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820
www.eeoc.gov

This Notice will remain posted for two (2) years by agreement with the EEOC.
DO NOT REMOVE THIS NOTICE UNTIL: [INSERT DATE], 2028.